GEORGIA,
Chatham Co.
AUG. 1808.

Ex parte
M'Allister.

*Minutes of Superior Court, letter G. p. 9.*

*Chambers, August 22, 1808.*

*Ex parte* M'ALLISTER, an Insolvent Debtor.

### INSOLVENT DEBTOR.

By *Charlton,* Judge.

THE prisoner petitions to be admitted to the benefit of the insolvent acts, and delivers into court, a schedule, which he says contains a full disclosure of all his property and effects. Some of the creditors attending, suggest circumstances of fraud, which they contend create a presumption, that he is not really and *bona fide* insolvent.

The principal objections to his discharge, upon the suggestion of fraud, are,

1. That it appears from the books of account of many merchants of the city, that the petitioning debtor purchased large quantities of goods and merchandise.

2. That during the time that he was considered, by his commercial creditors, as a merchant in Louisville, he drew a bill of exchange, subscribed, " *Charles M'Allister* and *Son,* for the sum of 1019 dollars and 56 cents," which was drawn in the course of commercial dealing.

3. That from a variety of papers, it also appears that he had a store at Louisville, and acted as a merchant of that place, upon his own account.

4. That no books are exhibited which show the manner in which the goods and merchandise, purchased by the petitioning creditor, have been disposed of in the course of trade. All these circumstances are established by an exhibition of books of merchants, with whom he traded in this place ; and the court is also satisfied, from the examination of some witnesses, that the petitioning debtor did assume the ostensible character of a merchant or dealer.

The law directs, that the court, in a summary way, examine the matter of the petition, and the suggestion of fraud, if any ; and if, upon such examination, it shall appear to the court, that the debtor is really or *bona fide* insolvent, then such person shall deliver to the court a schedule of all his real and personal estates, debts, credits, or effects, and be permitted to take the oath prescribed by law.

GEORGIA,
Chatham Co.
AUG. 1808.

Ex parte
M'Allister.

The law is intended as well for the benefit of the insolvent debtor, as for his creditors, and it invests the court with extensive chancery powers to examine, in a summary way, the suggestion of fraud. I cannot get over the impression, that the petitioning debtor did act as a merchant, when he obtained the credits from the merchants of this city, and when he associated his name with that of his father, in drawing a bill of exchange. That he acted as a merchant, is deducible from the nature and quantity of the merchandise purchased, which cannot, by any liberality of construction, be considered as purchased for his individual use. If the petitioning debtor, therefore, acted as a merchant, it is incumbent upon him to show, by his books, or by some strong circumstances, if he kept no books, (which would be a singular mode of transacting business,) the manner in which the goods and merchandise, purchased by him, were disposed of. If this is not shown, what is the violent presumption which arises ? Why, that the effects have been disposed of to other persons for the purpose of concealment, or ultimate profits to himself, or that he still retains the possession of them. Fraud, then, results from either branch of this alternative, which can only be rebutted by a satisfactory proof, that this property has been taken from him in a course of fair dealing, by the operation of judgments, or that he never did assume the character of a merchant.

The debtor is therefore remanded.

*Flyming*, for the debtor.
*Lawson*, for the creditor.